UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>v.   )     Civ. No.<br>)<br>YACHT "SEA J" AND TENDER, )<br>FIREARMS AND AMMUNITION, )<br>)<br>Defendants-in-rem. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE IN-REM

NOW COMES the plaintiff, United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Donald E. Clark, Assistant United States Attorney, and for its civil forfeiture complaint alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is a civil action in-rem to forfeit property, pursuant to 22 U.S.C. § 401, because it is arms or munitions of war and vessels containing the same used in an attempt to illegally export them and 19 U.S.C. § 1595a(d) because it is merchandise attempted to be exported or sent from the United States contrary to law and property used to facilitate the attempted exporting or sending of such merchandise in violation of law.

### DEFENDANTS-IN-REM

2. The defendants-in-rem are as follows:

    a. One 2001 "Sea J", 50.4 Foot Sea Ray Sedan Luxury Yacht, Hull ID SERY0743F001 ("Sea J");

    b. One MarineMax 110 Sport Tender, Mercury Outboard bearing serial number OR194494 ("Tender");

1

    c.  One (1) Bushmaster .223 Caliber Rifle bearing serial number BFI456888;

    d.  One (1) Colt .45 Caliber Handgun bearing serial number 70SC87304;

    e.  One (1) .45 Magazine;

    f.  One (1) Bauer .25 Caliber Automatic Handgun bearing serial number 082452;

    g.  One (1) .25 Caliber Magazine;

    h.  One Hundred Forty (140) size .338 Caliber Bullets;

    i.  Three Hundred (300) size .35 Caliber Bullets;

    j.  Fifty (50) size .223 Caliber Bullets;

    k.  Two Hundred Six (206) size .45 Caliber Bullets;

    l.  Five (5) size .25 Caliber Bullets;

    m.  One Hundred (100) Remington .25 Caliber Auto ammunition;

    n.  Two Hundred Twenty (220) Norma Swift 8X68S ammunition;

    o.  Forty (40) Remington .338 Win Magazine ammunition;

    p.  One (1) M-4 Rifle bearing serial number FH40500;

    q.  Five (5) boxes of .223 ammunition; and

    r.  One (1) round of .45 Caliber ammunition.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.    This Court has in-rem jurisdiction over the defendants-in-rem pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this

district and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the defendants-in-rem were seized in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and 28 U.S.C. § 1395 because the defendants-in-rem were seized in this district.

## BASIS FOR FORFEITURE

6. The defendants-in-rem are subject to forfeiture because they constitute arms and munitions of war and vessels used in an attempted export them and merchandise attempted to be exported or sent from the United States contrary to law and property used to facilitate the attempted exporting, all in violation 22 U.S.C. § 2778.

## FACTS

7. On October 26, 2010, the M/V Damgracht (the "Damgracht"), a Dutch flagged carrier vessel, was docked in Portland, Maine on its way to its final destination in Lebanon via Turkey. On board Damgracht were eight luxury yachts. One of the yachts, the Sea J, belonged to, and was being exported to Lebanon by, Joseph Sfeir ("Sfeir").

8. Agents with United States Customs and Border Protection (CBP) inspected all the yachts on board the Damgracht before the carrier departed from Portland on route to Lebanon. On October 26, 2010, during their inspection of the Sea J, CBP officers discovered and seized the following items some of which had been disassembled:

   a. One (1) Bushmaster .223 Caliber Rifle bearing serial number BFI456888;

   b. One (1) Colt .45 Caliber Handgun bearing serial number 70SC87304;

   c. One (1) .45 Magazine;

    d. One (1) Bauer .25 Caliber Automatic Handgun bearing serial number 082452;

    e. One (1) .25 Caliber Magazine;

    f. One Hundred Forty (140) size .338 Caliber Bullets;

    g. Three Hundred (300) size .35 Caliber Bullets;

    h. Fifty (50) size .223 Caliber Bullets;

    i. Two Hundred Six (206) size .45 Caliber Bullets;

    j. Five (5) size .25 Caliber Bullets;

    k. One Hundred (100) Remington .25 Caliber Auto ammunition;

    l. Two Hundred Twenty (220) Norma Swift 8X68S ammunition; and

    m. Forty (40) Remington .338 Win Magazine ammunition.

9. The Damgracht was allowed to leave Portland and continue its journey up the coast to Eastport, Maine. On October 29, 2010, CBP seized the Sea J and the Tender while the Damgracht was docked in Eastport. The following items were seized by ICE Homeland Security Investigations after conducting a further inspection of the Sea J:

    a. One (1) M-4 Rifle bearing serial number FH40500;

    b. Five (5) boxes of .223 ammunition; and

    c. One (1) round of .45 Caliber ammunition.

10. Federal law regulates the export of defense articles. 22 U.S.C. § 2778. A defense article includes any item on the United States Munitions List. Id. at § 2778(a)(1). The Munitions List includes firearms, close assault rifles and combat shotguns and ammunition and ordnance for them. 22. C.F.R. Part 121 and 121.1. Before exporting such an item, the exporter must apply for and receive an export license. 22 U.S.C. § 2778(b)(1)(a); 22 C.F.R. § 123.1.

11. Since December 15, 2006, the United States has denied all applications to export

4

defense articles to Lebanon, except for exports authorized by Lebanon or the United Nations Interim Force in Lebanon. 71 Federal Register 75609 (December 15, 2006).

12. According to the United States Department of State, on the date of the attempted export, the defendant-in-rem firearms and ammunition were on the Munitions List and Sfeir did not have the necessary licenses to export any of them from the United States to Lebanon.

13. Sfeir purchased the Bauer Pistol on or about October 1, 2010. Sfeir requested that the Bill of Sale be put in his daughter's name and he paid for and carried the weapon from the building.

14. Sfeir purchased the Bushmaster Rifle, the M-4 Rifle and the Colt Handgun on about October 2, 2010. Again, Sfeir requested that the Bill of Sale be put in his daughter's name and he paid for and carried the weapons from the building.

15. When Sfeir purchased the firearms, he said he wanted the firearms on the boat before it sailed because it was an American-flagged vessel and he wanted to be able to fend off any pirates he might encounter.

16. Sfeir disassembled the defendant-in-rem firearms and hid them on the Sea J.

17. The defendant-in-rem firearms and ammunition were hidden on the Sea J so that they would not be detected by CBP or any other party inspecting the Sea J.

18. During an April 2, 2004 interview, Sfeir stated that prior to being arrested in 1976 (on a federal firearms transportation on a common carrier offense), he was told by the airline that he had to declare the firearms to Customs before leaving the United States.

**CLAIM FOR RELIEF**

WHEREFORE, the plaintiff respectfully asserts that the defendants-in-rem are forfeitable to the United States pursuant to 22 U.S.C. § 401 and 19 U.S.C. § 1595a(d) and requests:

    a.    that the Court decree that the forfeiture of the defendants-in-rem to the United States under 22 U.S.C. § 401 and 19 U.S.C. § 1595a(d) is confirmed, enforced, and ordered;

    b.    that the Court thereafter order that the United States Department of Homeland Security or its delegate, dispose of the defendants-in-rem as provided by law; and

    c.    that the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

Dated at Portland, Maine this 3rd day of June, 2011.

    Respectfully submitted,

    THOMAS E. DELAHANTY II
    United States Attorney

    /s/Donald E. Clark
    Donald E. Clark
    Assistant U. S. Attorney
    United States Attorney's Office
    100 Middle Street
    East Tower, 6th Floor
    Portland, ME 04101
    207-780-3257
    donald.clark@usdoj.gov

## VERIFICATION

David J. Pawson, being duly sworn, deposes and says that I am a Special Agent with the U.S. Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and as such have responsibility for the within action. I have read the foregoing verified complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and information obtained by me during an investigation of alleged violations of Titles 19 and 22 of the United States Code.

    /s/ David J. Pawson
David J. Pawson
Special Agent
U.S. Department of Homeland Security

STATE OF MAINE
Cumberland, ss.

Subscribed and sworn to before me this 3rd day of June, 2011.

    /s/ Laurie F. Janson
Notary Public

My commission expires:  9/15/17